**ORIGINAL**

ANDRE' S. WOOTEN    3887
Attorney At Law
Century Square
1188 Bishop Street., Suite 1909
Honolulu, Hawaii 96813
Tele: (808) 545-4165

ATTORNEY FOR PLAINTIFF,
MATTHEW HARRELL,

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 0 3 2006

at __ o'clock and __ min. __ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MATTHEW HARRELL, | ) | Civil No.  01-00555 MEA-KSC |
| | ) | |
| Plaintiff, | ) | |
| VS. | ) | PLAINTIFF'S MEMORANDUM |
| | ) | IN OPPOSITION TO CITY |
| CITY AND COUNTY OF HONOLULU, | ) | DEFENDANT'S MOTION IN |
| A Municipal corporation, the Royal Hawaiian | ) | LIMINE NO. 4, TO EXCLUDE |
| Band, Aaron Mahi, Sr. Director, Robert | ) | PLAINTIFF'S EXHIBITS |
| Larm, and Sanford Masada. | ) | |
| Employees. | ) | Judge: Hon. Marvin E. Aspen |
| | ) | Time: 8:30 AM |
| Defendants. | ) | Trial: January 4, 2006 |
| | ) | |
| | ) | CERTIFICATE OF SERVICE |

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO CITY DEFENDANT'S
MOTION IN LIMINE NO. 4, TO EXCLUDE PLAINTIFF'S EXHIBITS

COMES NOW THE PLAINTIFF, MATTHEW HARRELL, through his

attorney, Andre' Wooten, hereby files this opposition to the Defendant's Motion In Limine No. 4,

which seeks to prevent the Plaintiff from showing the jury, Certificates of graduation, merit and

accomplishment citing in his resume' and mentioned in his application for employment, which

was wrongfully denied by the Defendants.

The Plaintiff has a right to present all relevant evidence in his support in the trial of his

case against Defendants.    Just because the Defendants may be embarrassed by this supporting information, and just because the Defendants and the Hawaii Civil Rights did not truly investigate Plaintiff's job application fairly and completely, is no lawful reason do deny Plaintiff his rights to Due Process and Equal Protection of the law in presenting his case.

Defendant City has cited no lawful authority for their novel proposition to violate Plaintiff's right to present Relevant evidence in this trail, and his Due Process and Equal Protection rights guaranteed by the Fourteenth Amendment.

The documents the City objects to however, are the type of official Military or Educational documents creating in the ordinary course of business, of which the court can take judicial notice under Rule 201, and are Relevant under 401 and 402, and are exceptions to the Hearsay rule under Rules 803(5)(6)(8)(16)&(18) and as Self-Authenticating documents under 901(7)&(8) and 902(5)&(6).    Therefore, Plaintiff should be able to lay his foundation and introduce documents 1, 2, 3, 4, 5, 7, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 35, 44, 45, 46, 47, 48, 64, 71, 72, 77, 78, 79, 80, 81, 83, 84, and 85, 86,  87 and 88.

## COUNTER-STATEMENT OF FACTS.

Plaintiff responded to Defendant's June 25, 2002 Request for production of Documents and things, with a letter requesting additional time, due to other scheduled commitments. Subsequently, Plaintiff tendered a more complete exhibit list to Defendant, specifically identifying the documents and indicating the documents were available for review upon scheduling a time.

These records of Plaintiff's musical history are indeed relevant to the important issues of

2

this case.   Plaintiff's prior musical work professional history is a matter under chief

consideration in this case, and whether the Defendants gave the Plaintiff appropriate objective

credit and recognition of that history and experience.   Hence, the documents proving the fact and

particulars of the work experience of the Plaintiff cited to the Defendants during the application

and interview process, go both towards the truth and veracity and accuracy of Plaintiff's job

history presentation on his application, and the disputed issue of whether the Defendants gave

Plaintiff appropriate credit in Knowledge and experience for the history cited by Plaintiff in his

application.   The Plaintiff has a right to go beyond the mere application document and present

the underlying proof of the matters contained within the 4 corners of the application.

Regarding the documents themselves.

1).   Records of Plaintiff's military service.     Plaintiff's job application clearly stated

that he has served over 21 years in various U.S. Army bands including Schofield Barracks for

many years.   Hence, records evaluating and documenting that work experience are relevant to

the reasonableness of the subjective or objective grade the Defendants gave Plaintiff on his job

application, in comparison to the other 2 applicants for the job, in the case.   These documents

are admissible under Rules 803 and 902 of the Federal Rules of Evidence, as public records

ordinarily and properly compiled in the course of U.S. Military business.   Rule 803 (6) & (8) of

the Federal Rules of Evidence specifically make exceptions for these bone fide accurate business

documents.   Also see Rule 902, Federal Rules of Evidence.

2.)   Records of Plaintiff's musical education.   These documents were mentioned during

Plaintiff's deposition.   The existence of these documents were made known to Defendants in

response to their Discovery Request.   And they are admissible into evidence at the trial under

Rule 803. Hearsay Exceptions; Availability of Declarant Immaterial

(6) **Records of regularly conducted activity.** A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11), Rule 902(12), or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

1.
   (8) **Public records and reports**. Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, or (C) in civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

Clearly these documents are admissible under Rule 902. Self-authentication

3.)    Plaintiff has listed only one expert witness Paul Barrett, who has written a report, which has been given to Defendant.    Dr. Kathryn Takara and Dr. Miles Jackson are present and past professors at the University of Hawaii, who have been called to testify as percipient, citizen witnesses, and citizens of Honolulu for several decades, who can cited facts and sources on early

4

Royal Hawaiian Band History, much of which was cited in a Honolulu Magazine Article in 1986, which is public domain, and of which the court may take judicial notice.     A copy of which was sent to Defendant.     Rule 902. Self-authentication     (6) **Newspapers and periodicals**. Printed materials purporting to be newspapers or periodicals.     These facts are so well known within the community therefore, they are of the type of which the court can take judicial notice under Rule 201, and is Relevant under 401 and 402, and are exceptions to the Hearsay rule under Rules 803(5)(6)(8)(16)&(18) and as Self-Authenticating documents under 901(7)&(8) and 902(5)&(6).

4.)   Photographs and sketches of Plaintiff during his musical career of the last 21 + years in the Army and Florida A & M State University.   The documents are relevant to show Plaintiff's dedication and long time study and performance of music.   As the proper and honest evaluation of his history and experience is a crucial issue for the jury in this case.   See 803 and 902 Federal Rules of Evidence.

5.)   Pieces of correspondence concerning the Plaintiff.     I will concede that Attorney-correspondence after the fact is Hearsay and not relevant or proper for jury consideration, and we will withdraw all Atty. Andre' Wooten written documents, for the most part they were written after the fact.   We would object to any other attorney or EEO or HCRC agency correspondence as well.   These are distinct from the letters of recommendation, performance evaluations and graduation certificates and performance certificates mentioned in issues 1, 2, 3, or 4.

6.)   Hawaii Civil Rights Commission and or Federal Equal Employment Opportunity Documents.   The "right to sue" letters from both agencies are jurisdictional matters which Plaintiff must prove.   If the Defendant will stipulate to their existence and validity, we do not need to actually present them or any of the other HCRC or EEOC communications to the jury. In a certain sense, we agree that some of this agency communication could be said to invade,

5

usurp, confuse and interfere with the determination of the ultimate questions by the jury.

7)    Plaintiff's Tax returns, were requested by Defendant in their discovery request, and
that is why they are provided.    Plaintiff has supplemented his deposition response, once he
located the documents as required by the rules of discovery.    Relevant to damages.

8.)    Documents regarding Plaintiff's health care were requested by Defendant in their
discovery request, and that is why they are provided.    Plaintiff has supplemented his deposition
response, one he located the documents as required by the rules of discovery.    The OFFER OF
PROOF is that Plaintiff's blood pressure was elevated immediately after this audition and for
months thereafter, as the facts unfolded.    These documents are admissible under Rule 803.
Hearsay Exceptions; Availability of Declarant Immaterial

> (6) **Records of regularly conducted activity.** A memorandum, report, record, or
> data compilation, in any form, of acts, events, conditions, opinions, or diagnoses,
> .........

9)    City Defendant's employment policies and manuals - They want an offer of proof.
We provided them with a copy last Wednesday Oct. 2, 2002.    They are documents the
Defendants have provided to Plaintiff in discovery, as claiming they were operating under the
auspices and direction of, hence, they cannot now claim they are irrelevant or surprise as to their
contents.    Defendants have a duty to supplement their answer to Plaintiff's Request for
production of copies of the Defendant's employment rules, regulations, policies and procedures
they were operating under in September 2000, when this employment decision was made, but
they have not done so.    Hence, we assume we were given and have presented the relevant
Employment rules of regulations of the Defendant.    Rule 803. Hearsay Exceptions; Availability
of Declarant Immaterial

> (6) **Records of regularly conducted activity.** A memorandum, report, record, or
> data compilation, in any form, of acts, events, conditions, opinions, or diagnoses,

6

made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11) , Rule 902(12) , or a statute permitting certification,

A manual can be implied contract Kinoshita v. Canadian Pac. A. 68 Haw. 594; 724; P 2d 110 (1986).

B.    If employer chooses to issue a rule... [it]..cannot abide by it selectively Kinoshita 724 P 2d 117.

If an employer chooses to issue a policy statement, in a manual or otherwise, and by its language or by the employer's actions, encourages reliance thereon, the employer cannot be free to only selectively abide by it. Having announced a policy, the employer [68 Haw. 596] may not treat it as illusory. Kinoshita v. Canadian Pacific Airlines, Ltd., 724 P.2d 110, 68 Haw. 594, page 724 P.2d 116 (Hawai'i 1986) Thompson v. St. Regis Paper Co., 102 Wash. 2d 219, 228, 685 P.2d 1081, 1087 (1984) Toussaint v. Blue Cross & Blue Shield, 408 Mich. 579, 613, 292 N.W.2d 880, 892 (1980); Leikvold v. Valley View Community Hospital, 141 Ariz. 544, 688 P.2d 170 (1984),

## DISCUSSION

A.    Documents listed are relevant and admissible.    The documents are "relevant" to Plaintiff's work experience stated in his application under Rule 402 of the Federal Rules of Evidence.    Plaintiff has a right to certify that experience, he has a right to validate it and fully explain it, in making his argument that his work experience, was discredited and not properly evaluated and counted, in contrast to the other 2 applicants.

B.    These documents are not cumulative and should be admitted.    These documents document different aspects, experiences, schools, honors and awards, evaluations and promotions of Plaintiff during his life time and 21 year Army music career.    As such they are relevant to establishing his qualifications, which is necessary to assessing whether his qualifications were fairly evaluated by the Defendants.    They are only

7

repetitive in so far as they cover Plaintiff's musical career, which is the relevant issue

hear, However, they describe different aspects of his career and therefore, they are not

cumulative.

C.    Hearsay, is admissible when it meets, the "Business Records Exception"., as most of

these documents do, or some other self-authenticated exception to the hearsay rule.

Rule 803. Hearsay Exceptions; Availability of Declarant Immaterial **(6) Records of**

**regularly conducted activity.** A memorandum, report, record, or data compilation, in

any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by,

or from information transmitted by, a person with knowledge, if kept in the course of a

regularly conducted business activity, and if it was the regular practice of that business

activity to make the memorandum, report, record or data compilation, all as shown by the

testimony of the custodian or other qualified witness, or by certification that complies

with  Rule 902(11) , Rule 902(12) , or a statute permitting certification, unless the source

of information or the method or circumstances of preparation indicate lack of

trustworthiness. The term "business" as used in this paragraph includes business,

institution, association, profession, occupation, and calling of every kind, whether or not

conducted for profit.

D.    **(8) Public records and reports**. Records, reports, statements, or data compilations, in
any form, of public offices or agencies, setting forth (A) the activities of the office or
agency, or (B) matters observed pursuant to duty imposed by law as to which matters
there was a duty to report, excluding, however, in criminal cases matters observed by
police officers and other law enforcement personnel, or (C) in civil actions and
proceedings and against the Government in criminal cases, factual findings resulting from
an investigation made pursuant to authority granted by law, unless the sources of
information or other circumstances indicate lack of trustworthiness.

## CONCLUSION

8

The Defendants prior scoring of Andy Daugio in another similarly timed audition for the Honolulu Municipal band , is relevant to show that when these Defendants judge an musician unsatisfactory, they assign a rating of lower than 50.     Establishing that the "cut off" mark for proficiency of musical performance is 50 is all other cases, as stated on the face of the audition grading form of the Municipal band.

Clearly all of these aforementioned documents are admissible under Rule 902. Self-authentication     They are of the type of which the court can take judicial notice under Rule 201, and is Relevant under 401 and 402, and are exceptions to the Hearsay rule under Rules 803(5)(6)(8)(16)&(18) and as Self-Authenticating documents under 901(7)&(8) and 902(5)&(6).

Therefore, Defendant's Motion In Limine No. 4. should be denied.

This   30th   day of December 2005.

_____
ANDRE' S. WOOTEN
Attorney For Plaintiff
MATTHEW HARRELL

9

ANDRE S. WOOTEN    3887
Attorney at Law
Century Square, Suite 1909
1188 Bishop Street
Honolulu, HI  96813
Phone:  (808) 545-4165

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the Foregoing was duly

served upon the following on ___January 3, 2006_____ by:

    (  )  Delivering same, postage prepaid, addressed to:

    (  )  Delivering to:

TO:  The Office of the Corporation Counsel
     David Arakawa, Esq.
     Moana Yost, Esq. Deputy
     Derrick Miyashiro, Esq. Deputy
     Honolulu Hale
     530 South King Street
     Honolulu, Hawaii  96813

     Attorneys for Defendants


_____
            ANDRE' S. WOOTEN