IN THE UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

| | |
|---|---|
| MATTHEW HARRELL,<br><br>Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF HONOLULU, a Municipal Corporation, ROYAL HAWAIIAN BAND, AARON MAHI, Senior Director, ROBERT LARM, and SANFORD MASADA,<br><br>Defendants. | CV No. 01-00555-MEA-KSC<br>CV No. 02-00223-MEA-KSC<br>[Cases Consolidated] |
| MATTHEW HARRELL,<br><br>Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF HONOLULU, a Municipal Corporation, ROYAL HAWAIIAN BAND, a Department of the City of Honolulu, and AARON MAHI, Senior Director of the Royal Hawaiian Band<br><br>Defendants. | |

## ORDER ADDRESSING CITY DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED EXHIBITS

MARVIN E. ASPEN, District Judge:

Having reviewed the objections filed by Defendants City and County of Honolulu, the Royal Hawaiian Band, Aaron Mahi, Robert Larm and Sanford Masada (collectively the "City Defendants") to Plaintiff Matthew Harrell's proposed exhibits, and the disputed exhibits themselves, we conclude that proposed exhibits numbered 1, 3 through 5, 7, 10 through 23, 31



through 33, 35, 44 through 48 and 71 constitute hearsay. Accordingly, Plaintiff may not use these documents at trial for his case in chief,[*] unless he establishes proper foundation and that they qualify for an exception to the hearsay rule.[**] In addition, we exclude exhibits numbered 24 through 27 and 64 as irrelevant. Plaintiff's proposed exhibits numbered 2 and 28 through 30 may be admitted at trial with a proper foundation. Both parties are precluded from introducing exhibits not previously disclosed.

    It is so ordered.

                                                MARVIN E. ASPEN
                                                United States District Judge

Dated   1/6/06

---

[*] This ruling precludes the introduction of these exhibits for the presentation of the parties' cases in chief only. At this time, our ruling does not address the possible use of Plaintiff's proposed exhibits for impeachment or other ancillary purposes, including the refreshing of a witness's recollection. Such issues will be considered should they arise at trial.

[**] Plaintiff alleges that records of his military service, including proposed exhibits numbered 11 through 23, are self-authenticating and fall under either the business or public records exceptions. These records bear no seal or certification complying with Federal Rules of Evidence 901 or 902(1), (2), (4) or (11). Nor has Plaintiff demonstrated that the authentications on his military personnel records comply with an Act of Congress such that they might be self-authenticating under the Federal Rules of Evidence. As such, these records are not self-authenticating.
    We observe further that, at this juncture, we are not convinced by Plaintiff's conclusory argument that his military personnel records constitute "public records . . . setting forth . . . (A) the activities of the office or agency [here, the United States Army], or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report . . ., or (C) . . . factual findings resulting from an investigation made pursuant to authority granted by law." Fed. R. Evid. 803(8)(A).