CARRIE K.S. OKINAGA, 5958
Corporation Counsel
MOANA A. YOST, 7738
DEREK T. MAYESHIRO, 6858
JANE KWAN, 7976
Deputies Corporation Counsel
City and County of Honolulu
530 South King Street, Room 110
Honolulu, Hawaii 96813
Telephone: (808) 523-4065/523-4657
Facsimile: (808) 523-4583
e-mail: myost@honolulu.gov

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 0 9 2006

at __ o'clock and __ min. __ M
SUE BEITIA, CLERK

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MATTHEW HARRELL,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF HONOLULU, A Municipal corporation, the Royal Hawaiian Band, Aaron Mahi, Sr. Director, Robert Larm, Sanford Masada.<br><br>    Defendants.<br>_____<br>MATTHEW HARRELL,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF HONOLULU, A Municipal corporation, the Royal Hawaiian Band, A Dept. of the City of Honolulu; Aaron Mahi, Sr. Director,<br><br>    Defendants. | Civil No. 01-00555 MEA-KSC<br>Civil No. 02-00223 MEA-KSC<br>[Cases Consolidated]<br><br>CITY DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF MATTHEW HARRELL'S OBJECTION TO LACK OF BLACK [sic] JURORS IN JURY PANEL & MOTION FOR MISTRIAL FILED ON JANUARY 6, 2005; CERTIFICATE OF SERVICE<br><br>Trial: January 4, 2006<br><br>Judge: Honorable Marvin E. Aspen |

CITY DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF MATTHEW HARRELL'S OBJECTION TO LACK OF BLACK [sic] JURORS IN JURY PANEL & MOTION FOR MISTRIAL FILED ON JANUARY 6, 2005

Come now, Defendants City and County of Honolulu, the Royal Hawaiian Band, Aaron Mahi, Robert Larm, and Sanford Masada (hereinafter "City Defendants"), by and through their attorneys, CARRIE K.S. OKINAGA, Corporation Counsel and MOANA A. YOST, DEREK T. MAYESHIRO and JANE KWAN, Deputies Corporation Counsel, and hereby file their Memorandum In Opposition To Plaintiff Matthew Harrell's Objection To Lack Of Black [Sic] Jurors In Jury Panel & Motion For Mistrial Filed On January 6, 2005.

Plaintiff's Motion for Mistrial is premised on the belief that African-Americans were not represented in the jury pool of this case. Plaintiff relies on *Batson v. Kentucky*, 476 U.S. 79, 106 S. Ct. 1712 (1986) in seeking a mistrial due to the lack of African-American jurors. City Defendants oppose Plaintiff's Motion for the reasons stated below.

I.  PLAINTIFF'S MOTION IS UNTIMELY.

Plaintiff waited until the jury was sworn in and trial began before raising his objection to the jury pool and motion for a mistrial. His untimely motion is not only prejudicial to the City Defendants, it is also a waste of judicial economy. Furthermore, Plaintiff's assertion that African-Americans were not represented in the jury pool lacks factual support.

As Plaintiff correctly noted, some jury cards were simply not marked in the area of race, and one was marked "human." There were no questions posed to the pool to ascertain the race of the individuals who failed to identify their race on the jury card. As this Court has observed and Plaintiff's counsel agreed, a person's race is not always easily identifiable by superficial factors such as their looks or their names. Neither parties nor the Court sought to inquire into the racial composition of the jury pool during jury selection. Therefore, Plaintiff's assertion that the jury pool did not contain any African-Americans is an unsupported superficial assumption.

II.   *BATSON v. KENTUCKY* IS INAPPLICABLE.

Plaintiff's reliance on *Batson v. Kentucky*, 476 U.S. 79, 106 S. Ct. 1712 (1986) is clearly misguided. The *Batson* Court held that preemptory challenges on account of race are in violation of the Equal Protection Clause. Plaintiff does not allege that City Defendants sought to preempt any potential jurors because of their race. The *Batson* Court also stated, "[A] defendant has no right to a petit jury composed in whole or in part of persons of his own race." *Id.*, 476 U.S. at 85, 106 S. Ct. at 1717. Clearly, *Batson* is inapplicable to issue at hand.

III.   AFRICAN-AMERICANS WERE NOT EXCLUDED FROM THE JURY SELECTION PROCESS.

In order for Plaintiff to prevail on his claim that the alleged lack of African-American representation in the jury pool warrants a mistrial in this case, Plaintiff must prove:

> (1) that the group alleged to be excluded is a "distinctive" group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this under-representation is due to systematic exclusion of the group in the jury-selection process.

*Duren v. Missouri*, 439 U.S. 357, 99 S. Ct. 664 (1979). Plaintiff cannot prove that the representation of African-Americans in venires from which juries are selected is not fair and reasonable, and that the alleged under-representation is due to any systematic exclusion of African-Americans in the jury-selection process.

The United States District Court for the District of Hawaii randomly selects potential jurors from a combined list of active voter registration records and drivers' license records. *See* Jury Frequently Asked Questions, www.hid.uscourts.gov/hid/CourtInfor.nsf. This Court's judicial website discloses that the combined active voter registration records and drivers' license records creates the court's "Master Jury Wheel" from which potential jurors selected at random. *See id.* However, persons who have pending criminal charges, been

4

convicted of a felony, or hold certain occupations, including full-time military, police, firefights, and elected public officials, may not serve as jurors. *See id.*

In *U.S. v. Greatwalker*, 356 F.3d 908 (8th Cir. 2004), the Court upheld the district court's draw of its jury pool randomly from lists of those who voted in the last presidential election. The Court stated:

> Absent proof that Native Americans, in particular, face obstacles to voter registration in presidential elections, <u>ethnic and racial disparities between the general population and jury pools do not by themselves invalidate the use of voter registration lists and cannot establish the "systematic exclusion" of allegedly under-represented groups</u>.

*See id.* at 911 (emphasis added). Absent proof that African-Americans face obstacles in registering to vote and obtaining driver licenses, Plaintiff's claim must fail.

Furthermore, Plaintiff presents no evidence to support his conclusory statement that African-Americans make up 3% of the population in the State of Hawaii. Even assuming Plaintiff's statement on the percentage of population is true, Plaintiff still erred in misapplying the principle of statistics in asserting that any jury pool must be accurately proportional to the general population. Specific instances of random selection will unlikely yield a set of averages that is accurately proportional to the general population given a reasonable margin of error that is present in every random selection.

5

In conclusion, Plaintiff's Motion is untimely and should be denied. Further, Plaintiff cannot meet the proof required under *Duren v. Missouri*, 439 U.S. 357, 99 S. Ct. 664 (1979). There is no evidence to support that there are any systematic exclusion of African-Americans in the jury-selection process.

IV.  CONCLUSION

In light of the foregoing, City Defendants respectfully request that Plaintiff Matthew Harrell's Objection to Lack of Black Jurors in Jury Panel & Motion For Mistrial be DENIED.

DATED: Honolulu, Hawaii, January 9, 2006.

                              CARRIE K.S. OKINAGA
                              Corporation Counsel

By _____
    DEREK T. MAYESHIRO
    MOANA A. YOST
    JANE KWAN
    Deputies Corporation Counsel
    Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MATTHEW HARRELL,<br><br>Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF HONOLULU, A Municipal corporation, the Royal Hawaiian Band, Aaron Mahi, Sr. Director, Robert Larm, Sanford Masada.<br><br>Defendants.<br>_____<br>MATTHEW HARRELL,<br><br>Plaintiff,<br>vs.<br>CITY AND COUNTY OF HONOLULU, A Municipal corporation, the Royal Hawaiian Band, A Dept. of the City of Honolulu; Aaron Mahi, Sr. Director,<br><br>Defendants. | Civil No. 01-00555 MEA-KSC<br>Civil No. 02-00223 MEA-KSC<br>[Cases Consolidated]<br><br>CERTIFICATE OF SERVICE |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the within was hand delivered to the following individual at his address listed below on January 9, 2006.

Andre' S. Wooten, Esq.
Century Square, Suite 1909
1188 Bishop Street
Honolulu, Hawaii 96813
Attorney for Plaintiff

DATED: Honolulu, Hawaii, January 9, 2006.

                        CARRIE K.S. OKINAGA
                        Corporation Counsel

By    /s/
      DEREK T. MAYESHIRO
      MOANA A. YOST
      JANE KWAN
      Deputies Corporation Counsel
      Attorneys for Defendants