CV. NO. 01-00553-MEA-KSC
02-00283-MEA-KSC

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

ORIGINAL     Jury Instructions

JAN 1 2 2006

at ____ o'clock and ____ min ____ M
SUE BEITIA, CLERK

Members of the jury, now that you have heard all the evidence and the arguments of the attorneys, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received into evidence; and

(3) any facts to which the lawyers stipulate.

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Some evidence may be admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

You, the Jury, have heard the audio recordings of the three applicants who auditioned for the solo bassoonist position with the Royal Hawaiian Band. You are not being asked to critique or rank the applicants based upon these recordings.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness' memory;

(3) the witness' manner while testifying;

(4) the witness' interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness' testimony;

(6) the reasonableness of the witness' testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

You have heard testimony from a person who, because of education or experience, was permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

The plaintiff has brought a claim of employment discrimination against the defendant. The plaintiff claims that his race was either the sole reason or a motivating factor for the defendant's decision to not hire the plaintiff. The defendant denies that plaintiff's race was either the sole reason or a motivating factor for the defendant's decision to not hire the plaintiff and further claims the decision to not hire the plaintiff was based upon lawful reasons.

As to the plaintiff's claim that his race was a motivating factor for the defendant's decision to not hire him, the plaintiff has the burden of proving both of the following elements by a preponderance of the evidence:

1.    the plaintiff was not hired by the defendant; and

2.    the plaintiff's race was a motivating factor in the defendant's decision to not hire the plaintiff.

If you find that the plaintiff has proved both of these elements, your verdict should be for the plaintiff.  If, on the other hand, the plaintiff has failed to prove either of these elements, your verdict should be for the defendant.

The plaintiff seeks damages against the defendant for retaliation. The plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1.  the plaintiff engaged in or was engaging in an activity protected under federal law, that is filing a charge of discrimination;

2.  the employer subjected the plaintiff to an adverse employment action, that is failing to call plaintiff for part-time work; and

3.  the protected activity was a substantial or motivating factor in the adverse employment action.

If you find that each of the elements on which the plaintiff has the burden of proof has been proved, your verdict should be for the plaintiff. If, on the other hand, the plaintiff has failed to prove any one of these elements, your verdict should be for the defendant.

Plaintiff's own subjective belief of discrimination, no matter how genuine, cannot serve as a basis of finding that discrimination against the plaintiff likely occurred.

In order for plaintiff to prevail on his claim of intentional infliction of emotional distress, plaintiff must show by a preponderance of the evidence the following:

1)    The City Defendants' conduct was extreme and outrageous;

2)    The conduct was intentional or reckless;

3)    The plaintiff suffered emotional distress as a result of extreme and outrageous conduct by the defendants; and

4)    The emotional distress was severe.

When determining the reasonableness or unreasonableness of the City Defendants' actions, it has not been enough that the City Defendants have acted with an intent which is tortuous or even criminal, or that they have intended to inflict emotional distress, or even that their conduct has been characterized by "malice," or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort.  Liability can only be found where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

The City and County of Honolulu can only act through its employees, agents, directors, or officers.  Therefore, the City and County of Honolulu is responsible for the acts of its employees, agents, directors, and officers performed with the scope of authority.

In order to find the City and County of Honolulu and/or the Royal Hawaiian Band liable for discrimination, the Plaintiff must prove he was deprived of a Constitutional right as a result of an official policy of the City and County of Honolulu and/or the Royal Hawaiian Band.

Official policy means:

(1) a rule or regulation promulgated, adopted, or ratified by the governmental entity's legislative body;

(2) a policy statement or decision that is officially made by the City and County of Honolulu and/or Royal Hawaiian Band;

(3) a custom that is a permanent, widespread, well-settled practice that constitutes a standard operating procedure of the City and County of Honolulu and/or Royal Hawaiian Band; or

(4) an act or omission ratified by the City and County of Honolulu and/or Royal Hawaiian Band.

In this suit, plaintiff Harrell alleges that defendants Mahi, Larm and Masada, and non-party Christopher Ventura, are co-conspirators. Plaintiff Harrell claims defendants conspired to discriminate against him in the application process. Defendants deny this.

There can be no conspiracy unless more than one person is involved. But it may be that not all the persons charged with being conspirators are in fact conspirators.

It is not necessary that an agreement to conspire be express. You may infer that an agreement existed from circumstantial evidence such as the coordination or common nature of defendants' actions.

One may become a member of a conspiracy without full knowledge of all the details of the conspiracy. On the other hand, a person who has no knowledge of a conspiracy but who happens to act in a way which furthers some object or purpose of the conspiracy does not thereby become a conspirator.

It is not necessary that a defendant know all the details of the scheme or exactly how it was to be carried out. All Plaintiff Harrell must show is that defendants Mahi, Larm and Masada, and Christopher Ventura, shared this common objective.

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money which will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following: the emotional pain and suffering experienced; the reasonable value of wages lost to the present time; and the reasonable value of wages which with reasonable probability will be lost in the future.

The plaintiff has the burden of proving damages by a preponderance of the evidence, and it is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1.    that the plaintiff failed to use reasonable efforts to mitigate damages; and

2.    the amount by which damages would have been mitigated.

If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are not to compensate the plaintiff, but to punish a defendant and to deter a defendant and others from committing similar acts in the future. The plaintiff has the burden of proving that punitive damages should be awarded, and the amount, by a preponderance of the evidence. You may award punitive damages only if you find that defendant's conduct was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring another. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety and rights, or the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the person who performs it injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering punitive damages, you may consider the degree of reprehensibility of the defendant's conduct and the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

Punitive damages may not be awarded against the City and County of Honolulu or the Royal Hawaiian Band, but may be awarded against governmental employees acting in their individual capacities. You may impose punitive damages against one or more of the defendants and not others, and may award different amounts against different defendants. Punitive damages may be awarded even if you award plaintiff only nominal, and not compensatory, damages.

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.